**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAVIGATORS INSURANCE COMPANY** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 14-5158** |
| | : | |
| **RESNICK AMSTERDAM LESHNER, P.C.** | : | |
| **and ARTHUR H. FELDERSTEIN, C.P.A.** | : | |
| | : | |

### <u>MEMORANDUM OPINION</u>

**Savage, J.**                                                                          **May 18, 2015**

Navigators Insurance Company ("Navigators") brought this declaratory judgment action seeking a declaration that it has no duty to defend and indemnify its policyholder, Resnick Amsterdam Leshner, P.C. ("Resnick"), and the policyholder's employee, Arthur Felderstein ("Felderstein"), in a pending state court action in which the plaintiffs allege the defendants breached their professional duty of confidentiality by disclosing personal and financial information to a third party. Navigators contends that there is no coverage under the claims made policy because Felderstein had "a basis to believe [his conduct] might reasonably be expected to be the basis of a claim" before the inception date of the Policy.[1] Resnick and Felderstein argue that there was no basis to know that a claim would be made because the allegations and the claims in the underlying lawsuit are "fraudulent or false."[2]

There is no genuine issue of material fact regarding Navigators' duty to defend

---

[1] Compl. for Declaratory J. ("Compl.") ¶ 51 (Doc. No. 1).

[2] Resnick Mot. for Summ. J. ("Resnick Mot.") at 5 (Doc. No. 16-1).

Resnick and Felderstein in the underlying action, but there is a disputed fact regarding whether Felderstein had reason to know, before the policy became effective, that a claim could reasonably be anticipated.   Nevertheless, no matter what the outcome of the underlying lawsuit, Navigators will have no duty to indemnify Resnick and Felderstein.   Thus, we conclude that Navigators has a duty to defend Resnick and Felderstein, but it has no duty to indemnify them.

**Facts**

Navigators Insurance Company insured Resnick Amsterdam Lesher, P.C., a public accounting firm, under an accountant's professional liability policy, effective November 1, 2012 through November 1, 2013.[3]   Felderstein, a certified public accountant who was then employed by Resnick, was covered under the policy.

On February 8, 2013, during the policy period, Phillip Cannella and First Senior Financial Group, LLC ("FSFG") filed a civil action against Resnick and Felderstein in the Montgomery County Court of Common Pleas, alleging wrongful conduct that had occurred during the course of the parties' professional relationship.[4]   They claim that despite Felderstein's assurances that all information concerning Cannella and FSFG would be kept confidential, he e-mailed "derogatory and damaging" information about them to a third party for posting on a website titled "Truthabout Cannella.com."[5]   The information was allegedly transmitted via e-mails from Felderstein to the third party on February 14, 2010, February 15, 2011 and March 6, 2011.[6]

---

[3] Compl. ¶ 26.  The policy was not renewed after it expired on November 1, 2013.  *Id.* ¶ 27.

[4] Compl. ¶¶ 11,13.

[5] Compl. ¶¶ 18, 20, 22

[6] Compl. ¶ 23.

Resnick timely notified Navigators in writing of the claims.[7]  At the same time, Resnick advised Navigators that Felderstein did not send the e-mails attributed to him and that they were forged.[8]  By letter dated February 4, 2013, Navigators acknowledged receipt of the notice and reserved its rights under the policy.[9]  It agreed to undertake the defense of Resnick and Felderstein, assigning them separate counsel.[10]  In their answer to the underlying complaint, Resnick and Felderstein averred that "Felderstein did not furnish confidential or damaging information related to plaintiffs to the operator of the website" and that the emails referenced were "not sent by Felderstein and [were] forged by [p]laintiffs to fraudulently assert clams against Felderstein . . .".[11]

On September 8, 2014, after defending Resnick and Felderstein in the underlying action for a year and a half, Navigators filed this declaratory judgment action.[12]  It contends that the underlying action alleges conduct that occurred between January, 2010 and March, 2011.  Because the alleged conduct occurred prior to the effective date of the policy, Navigators asserts that Felderstein had to have known it would be the

---

[7] Compl. ¶ 30; Resnick Mot. at ECF 39 (Doc. No. 16-2).

[8] Resnick Mot. at 5. The plaintiffs in the underlying action presented "screen shots" of e-mails that Felderstein allegedly sent disclosing sensitive information about Cannella to a third party, Krista Brennan. Resnick Mot. at 4.  In one of the alleged screen shots purporting to show an e-mail from Felderstein to Brennan, the date line reads "Sunday, February 15, 2011 3:00 AM."  Resnick Mot. at 4.  However, February 15, 2011 was a Tuesday, not a Sunday.  Resnick Mot. at 4.  Defendants cite the testimony of a forensic investigator retained in a separate action involving FSFG and Canella with the same issue, who stated "I know of no scenario where a mail server or a computer will give the wrong day of the week associated with a date."  Resnick Mot. at 4. at n. 13.

[9] Compl. ¶¶ 36-39.

[10] Resnick Mot. at ECF 39 (Doc. No. 16-2); Navigators' Mot. for Summ. J. ("Navigators' Mot.") at 2 (Doc. No. 27-1).

[11] Defs' Answer to Am. Compl. ("Answer to Underlying Compl.") ¶¶ 18-20 (Doc. No. 16-2).

[12] Compl. ¶¶ 32, 37, 42, 55..

basis of a claim.  Therefore, according to Navigators, there is no coverage under the policy.

Resnick filed a motion for summary judgment, seeking a declaration that Navigators has a duty to defend and to indemnify it.  Alternatively, they request a stay. Navigators responded by filing a cross-motion for summary judgment.  Two months later, Navigators filed a motion for summary judgment against Felderstein, who responded by filing a cross-motion, incorporating the arguments made by Resnick in its motion.

Navigators argues in its motion that there is no dispute when the wrongful conduct occurred and when Felderstein, Resnick's employee, knew that the conduct could be the basis for a claim.  Those dates, according to Navigators, were before the policy went into effect.  Hence, Navigators contends that, as a matter of law, it is entitled to a declaration that it has neither a duty to defend nor indemnify Resnick and Felderstein.

Resnick and Felderstein contend that Navigators must continue to defend them because the policy obligates it to defend even false and fraudulent claims, such as those made in the underlying action.[13]  They argue that there are factual disputes about what had occurred and what they knew or had reason to know prior to the effective date of the policy.[14]

### The Navigators Policy

The Navigators policy provides coverage for defense and indemnity for any claim made

---

[13] Resnick Mot. at 8-10.  In the alternative, Resnick requests a stay of the declaratory judgment action so that factual disputes can be resolved in the underlying action.  Resnick Mot. at 11-13.

[14] Resnick Mot. at 8-13.

during the policy period against Resnick and its employees arising out of the performance of professional services.   The policy also provides that there is no coverage for a claim arising from any act or omission the insured had "a basis to believe," prior to the policy inception, might reasonably be expected to be the basis of a claim against it.[15]

The Policy reads:

The Company will pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses as a result of a claim first made against the Insured and reported in writing to the Company during the policy period or the extended reporting period, by reason of an act or omission, including personal injury, in the performance of professional services by the Insured or by any person for whom the Insured is legally liable . . .[16]

The policy imposes upon Navigators the "duty to defend the insured against a claim covered by this policy even if any of the allegations of the claim are groundless, false or fraudulent."[17]

Because the policy is a "claims made and reported" policy, it covers claims that accrued, but were not made and not reported, before the policy went into effect.   *Home Ins. Co. v. Law Offices of Jonathan DeYoung, P.C.*, 32 F. Supp. 2d 219, 224-25 (E.D. Pa. 1998).   A claims-made policy "provides coverage for a wrongful act regardless of when it took place, as long as a claim is made during the relevant policy period." *Id.* at 224 (quoting *Township of Center, Butler County, Pennsylvania v. First Mercury Syndicate, Inc.*, 117 F.3d 115, 118 (3d Cir. 1997)).   Simply put, coverage is determined when the claim is made, not when the conduct forming the basis of the claim occurred.

---

[15] Resnick Mot. at 8-13.

[16]  Resnick Mot. Ex. B ("Navigators Policy") at I.A.

[17] Navigators Policy at I.A.

To protect itself from insuring preexisting claims known to the insured, Navigators inserted a qualifying proviso which limits coverage to claims made that were not known to the insured at the time the policy took effect.   That provision operates to exclude coverage of claims the "insured had a basis to believe . . . might reasonably be expected to be the basis of a claim" prior to the effective date of the policy.[18]

### Analysis

The interpretation of an insurance contract is a question of law.  *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360 (3d Cir. 2004) (citing *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999)).  Whether a particular loss is covered by an insurance policy is a question of law that is appropriately decided on summary judgment in a declaratory judgment action.[19]   *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 657 A.2d 1252, 1254 (Pa. Super. 1995) (rev'd on other grounds).

In interpreting the insurance contract, a court must give effect to the plain language of the policy read in its entirety.  *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 324 (3d Cir. 2005) (citing *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 901 (3d Cir. 1997)).  When the policy language is ambiguous, the provision must be construed in favor of the insured.  *Moessner*, 121 F.3d at 900-01.  Contract language is ambiguous if it is reasonably susceptible to more than one construction and meaning.

---

[18] Navigators Policy at I.A.1.b.

[19] Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  In examining the motion, we must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor.  *Intervest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

Cross-motions are claims by each party that it alone is entitled to summary judgment.  The failure of one does not necessarily mean that the other must succeed, "or that the losing party waives judicial consideration and determination of whether genuine issues of material fact exist."  *Canal Ins. Co. v. Sherman*, 430 F. Supp. 2d 478, 485 (E.D. Pa. 2006) (citing *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).  Therefore, the summary judgment standard applies separately to each of the cross motions.

*Bowersox v. Progressive Cas. Ins. Co.*, 781 A.2d 1236, 1239 (Pa. Super. 2001) (citing *Hutchinson v. Sunbeam Coal Corp.* 519 A.2d 385, 390 (1986)).  However, the language may not be stretched beyond its plain meaning in order to create an ambiguity. *Trizechahn Gateway LLC v. Titus et al.,* 976 A.2d 474, 483 (Pa. 2009).

### Duty to Defend

An insurer's duty to defend is distinct from its duty to indemnify.  *Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 651 (Pa. Super. 1994) (citation omitted).  An insurer may have a duty to defend even if it does not have a duty to indemnify.  *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).  The duty to defend arises when a claim that could possibly be covered by the policy is made against the insured.  *Erie Ins. Exch. v. Muff*, 851 A.2d 919, 931 (Pa. Super. 2004).  The duty to indemnify is not triggered until the insured is found liable for a covered claim. *Citizens Ins. Co. of America v. Ung,* 2 F. Supp. 3d 622, 633-34 (E.D. Pa. 2014) (citing *State Farm Fire & Cas. Co. v. Corry*, 324 F. Supp. 2d 666, 673 (E.D. Pa. 2003)).

An insurer is obligated to defend the insured against any suit arising under the policy, "even if the suit is groundless, false, or fraudulent."  *Britamco Underwriters,* 636 A.2d at 651 (quoting *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 321 (Pa. 1973)).  Consequently, whenever a claim asserted in a complaint against the insured could potentially come within the policy's coverage, the insurer must defend its insured. *Muff*, 851 A.2d at 931; *Belser v. Rockwood Cas. Ins. Co.*, 791 A.2d 1216, 1219, 1222 (Pa. Super. 2002) (citations omitted).  Here, the policy provides, just as Pennsylvania

7

law does, that Navigators has a duty to defend Resnick "even if any of the allegations of the claim are groundless, false or fraudulent . . .".[20]

Under the policy, Navigators is obligated to pay all expenses in defending a claim made and reported to Navigators in writing during the policy period, even though the claim accrued prior to the policy period. However, the obligation does not extend to an act or omission pre-dating the policy period that the insured had reason to believe "might reasonably be expected to be the basis of a claim."[21]

Navigators does not dispute that the claim was made and timely notice was given during the policy period. Resnick promptly reported a claim to Navigators on January 23, 2013, upon receipt of notice.[22] Additionally, the underlying complaint was filed on February 2, 2013 in the Montgomery County Court of Common Pleas, more than three months after the policy became effective.[23]

Navigators claims that it has no duty to defend or indemnify Resnick or Felderstein in the underlying action because Felderstein had to have known that the alleged wrongful conduct giving rise to the claims, which took place prior to the inception date of the Navigators policy, could be the basis for a later claim. There is no question that the claim arose before the policy took effect. That fact itself does not preclude coverage under a claims made policy, such as the one at issue. Coverage is precluded by the policy only if Resnick and/or Felderstein knew or had reason to know

---

[20] Navigators Policy at I.B

[21] Cross Mot. at 5 (Doc. No. 17).

[22] Resnick Mot. Ex. C at ECF 38-39

[23] Resnick Mot. at 3; Cross Mot. at 2.

before November 1, 2013, the effective date of the policy, that the latter's conduct could have been the basis for the later claim.

Navigators rests its argument regarding prior knowledge on the allegations made in the underlying action – allegations that Resnick and Felderstein vehemently deny as false.  Navigators elevates these allegations to established facts.[24]  However, they have not been proven and remain disputed.

Ignoring its insured's denial that Felderstein sent the e-mails containing the confidential information forming the basis of the claim, Navigators insists that Resnick and Felderstein knew or had reason to know that the claim could be made.   If Felderstein did not do what the plaintiffs in the underlying action allege he did, neither he nor Resnick could have known of the claim until the underlying action was threatened or commenced.

The proviso limiting coverage to claims made that were not known or "reasonably suspected" to be known as potential claims before the policy became effective is not listed as an exclusion; but, it operates as one.  It works to exclude claims that arose and were known to the insured prior to the policy effective date.  Thus, we shall treat it as a policy exclusion.

When an insurer relies on a policy exclusion to deny coverage, it bears the burden of proving that the exclusion applies.  *Canal Ins. Co. v. Underwriters at Lloyd's London,* 435 F.3d 431, 435 (3d Cir. 2006); *Mistick, Inc. v. Northwestern Nat. Cas. Co.*, 806 A.2d 39, 42 (Pa. Super. 2002) (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999)).   The insurer can sustain its burden only by

---

[24] Cross Mot. at 3.

establishing the exclusion's applicability by uncontradicted facts in the record. *Butterfield v. Giuntoli*, 670 A.2d 646, 651-52 (Pa. Super. 1995).  Policy exclusions are strictly construed against the insurer.  *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n.3 (3d Cir. 1998) (citations omitted).

The mere allegation that Felderstein sent e-mails disclosing confidential information about Cannella does not establish that he had knowledge that anything he did could give rise to a claim against him and Resnick.  It is not proof.  On the contrary, Resnick and Felderstein have not only denied the allegation, they have presented evidence demonstrating that the e-mails were fabricated.  In other words, they maintain that the claim is groundless and fraudulent.  Therefore, because both the policy itself and established legal principles require the insurer to defend even groundless, false, or fraudulent claims against the insured, Navigators is not relieved of its duty to defend Resnick and Felderstein.

Additionally, the policy exclusion for intentionally wrongful acts also imposes a duty to defend upon Navigators.  The pertinent provision reads:

The **Company** will not defend or pay any **claim**:

A.  Based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured**.  The **Company** will provide the **Insured** with a defense of such claim unless and until such dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission has been determined by any final adjudication, finding of fact or admission by the **Insured**.  Such defense will not waive any of the **Company's** rights under the policy.  Upon establishment that the dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured** was committed, the **Company** will have the right to seek recovery of the **claim expenses** incurred from the **Insured** found to have committed such acts or omissions.[25]

---

[25] Navigators Policy at IV.A

The policy language is clear.  Navigators must defend the claims because the underlying action asserts, among other claims, intentionally wrongful and malicious acts on the part of Resnick and Felderstein.  It must do so until the final adjudication of the underlying action.

That there are claims other than intentional wrongful conduct alleged in the underlying action does not excuse Navigators from defending them.  If a single claim in a multiple claim complaint is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim.  *Frog, Switch & Mfg. Co.*, 193 F.3d at 746.

### Duty to Indemnify

The duty to indemnify arises only when the insured is found liable for damages for claims falling within the policy's coverage.  *State Farm Fire & Cas. Co. v. Corry*, 324 F. Supp. 2d 666, 673 (E.D. Pa. 2004).  Whether Navigators has a duty to indemnify depends on the resolution of facts alleged in the underlying complaint.  *Scarcia et al. v. Maryland Cas. Co.*, No. 87-6691, 1988 WL 124570, at *4 (E.D. Pa. Nov. 18, 1988).

No matter what the final adjudication in the underlying case may be, Navigators will have no duty to indemnify.  If the outcome is favorable to Resnick and Felderstein, there will be no damages and there will be no need for indemnification.

Resnick and/or Felderstein can be found liable only if the factfinder determines that Felderstein disseminated the plaintiffs' confidential information to a third party.  In that event, Felderstein, an insured under the policy, would have to have known that a claim was likely to be made.  If so, the claim would not be covered under Section I.A of the policy because it would be a claim "the insured had a basis to believe . . . might

reasonably be expected to be the basis of a claim" prior to the inception of the policy.[26] Additionally, the claim would be excluded under Section IV.A of the policy, which specifically excludes from coverage any claim arising out of any intentionally wrongful or malicious act or omission of the insured.[27]

Reading Sections I.A and IV.A of the policy together, it is clear that Navigators would have no obligation to indemnify Resnick and Felderstein if they are found liable in the underlying action.  There would be nothing to indemnify if they are found not liable. Therefore, there is no need to delay declaring that Navigators has no duty to indemnify Resnick and/or Felderstein.

### Conclusion

We conclude that Navigators has a duty to defend Felderstein and Resnick in the underlying action and that it has no duty to indemnify them.

---

[26] Navigators Policy at I.A.

[27] *Id.* at IV.A.